THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STUART WIANT, Defendant-Appellant.

(No. 11594;

Fourth District—August 2, 1972.

Nicholas D. Ciaccio, of Springfield, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (D. Bradley Blodgett, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Stuart Wiant appeals from the judgment of the Circuit Court of Sangamon County which denied relief sought in a Post Conviction Hearing instituted under the provisions of Chapter 38, Art. 122, Ill. Rev. Stats. 1969.

On May 12, 1970, while represented by appointed counsel, and pursuant to the terms of a negotiated plea, defendant entered pleas of guilty to the crimes of rape and burglary. He was sentenced to 4 to 10 years on each conviction, the sentences to run concurrently. Two other counts of the indictment were then dismissed on motion of the People. John L. Powell and Larry Hatfield were codefendants named in the indictment, and we have affirmed the conviction of Hatfield in *People v. Hatfield*, 5 Ill.App.3d 996. The circumstances which gave rise to this indictment are set forth in our opinion in the *Hatfield* case. Defendant, at the time of his pleas, was represented by appointed counsel.

Defendant's brief contains no statement of the issues presented for review as required by Rule 341(e) (2), nor does the Statement of Facts contain any reference to the pages of the record, abstract or excerpts as required by Rule 341(e) (6). These omissions require us to search the record, a tedious, time consuming task which, needless to say, does not accelerate the disposition of a case in the reviewing court.

Defendant's contentions here are twofold. He urges that his pleas of guilty were "* * * coerced by the actions of his counsel and by the actions of the State's Attorney * * *." and also complains of matters which allegedly occurred during the process of his extradition from the State of Indiana for purpose of prosecution in Illinois.

The defendant does not contend that the admonishment of the trial court, given at the time of the acceptance of the pleas of guilty was insufficient, and the record clearly establishes a patient, detailed and

careful explanation, by the trial judge, of the nature of the charges, defendant's rights, including the right to trial by jury. The sentences imposed were precisely those which the State's Attorney had agreed to recommend and did recommend. Defendant does not contend that the People, in any detail, did not fulfill the terms of the negotiated pleas.

The defendant, we further note, changed his plea from not guilty to guilty after the jury had been selected and the victim of the rape had given her testimony in chief, during which she had positively identified the defendant as the individual who had entered the house forcefully and raped her. The substance of defendant's complaint, with reference to his plea of guilty, is that his counsel advised him to plead guilty in exchange for the State's agreement as to sentence recommendation and dismissal of the remaining charges. The record establishes that defendant was competently and diligently represented. The appropriate pretrial motions were filed. Counsel had frequent conferences preparatory to trying the case. Counsel interviewed the witnesses, examined the physical evidence in possession of the State. His recommendation to defendant to enter the plea of guilty was predicated upon his knowledge of the State's evidence which was to be offered, plus the actual testimony of the victim of the crime. Defendant, the record discloses, also discussed the advisability of entering a plea with another attorney experienced in criminal cases and thus had the benefit of a second opinion.

■■ A defendant has no right to expect of counsel, whether appointed or retained, anything other than a candid opinion based upon knowledge of the facts and the law. He cannot demand that counsel perform a miracle, or recommend a couse of action which his professional skill and experience dictate to be unwise. His professional responsibility to his client is to give his best judgment and opinion, after which the decision is that of the individual whom he represents. The record here clearly shows that counsel did precisely fulfill his professional obligation. The final decision was made by defendant himself. There is no showing of coercion, threats or anything of that nature. He received advice, an opinion and a recommendation which he chose to follow. The plea of guilty here reveals no constitutional infirmity under the holdings in *Brady v. United States*, 397 U.S. 742, 25 L.Ed.2d 747, 90 S.Ct. 1463, or *North Carolina v. Alford*, 27 L.Ed.2d 162, 91 S.Ct. 160. The trial court found that the plea was intelligently and voluntarily made and the record amply supports that finding. Defendant's contention that he was coerced by the State's Attorney seems founded on the fact that that official had discovered that defendant's wife had endeavored to discuss the case, prior to trial, with the victim of the crime, as a result of which a complaint was issued. She was brought before the Court, not fined,

but admonished not to make any further effort to contact the victim and potential witness. This does not constitute coercion of the defendant.

■■ Defendant's last contention is that he was denied counsel at the time of his arrest in Indiana. He testified that he requested counsel. He further testified that his cell, in Indiana, was cold, drafty and that he had no mattress or blankets. He concedes that he was advised that he was entitled to a hearing but that it might be as long as thirty days before that would be accomplished. Defendant executed a waiver of extradition and was returned to Illinois. Whether defendant was arrested on a fugitive warrant or upon a Governor's Warrant is not disclosed by the record. In any event there is no showing of any circumstances in connection with defendant's arrest in Indiana, which vitiates his plea of guilty.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.